1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULITA RUPISAN; ERNESTO RUPISAN,<br><br>    **Plaintiffs**,<br><br>  v.<br><br>JP MORGAN CHASE BANK, NA; CALIFORNIA RECONVEYANCE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; SHEA MORTGAGE; and DOES 1 through 50, unclusive,<br><br>    **Defendants**. | 1:12-CV-0327 AWI GSA<br><br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)** |

   This is an action for declaratory and injunctive relief and for statutory damages by plaintiffs Julita Rupisan and Ernesto Rupisan ("Plaintiffs") against defendants JP Morgan Chase Bank, California Reconveyance Company, Deutsche Bank National Trust Company and Shea Mortgage ("Defendants").  Currently before the court are two motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Both motions were filed on March 9, 2012; the first was filed by Shea Mortgage and the second was filed by JP Morgan Chase Bank, California Reconveyance Company and Deutsche Bank National Trust Company.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

**FACTUAL BACKGROUND – PLAINTIFFS' COMPLAINT**

Plaintiffs' complaint alleges a total of 24 claims for relief.  Of these, two appear to directly allege violation of federal statutes, five appear to be requests for declaratory or injunctive relief, ten appear to allege violation of specific state statutes, four appear to allege non-statutory tort claims and one claim, wrongful foreclosure, appears to allege violation of a number of state and federal statutes.  Plaintiffs' final claim for relief requests a temporary restraining order.  Plaintiffs also allege a claim to quiet title.

The bulk of Plaintiffs' factual allegations are not allegations of specific acts directed at specific Defendants; rather most of the section of the complaint that is designated "Factual Allegations" is comprised of a lengthy narrative describing questionable, unethical or unlawful practices by the home financing industry generally.  Of significance to the motion by Defendant Shea Mortgage ("Shea"), the complaint alleges nothing factual at all with respect to Shea.  Otherwise, to the extent any particular defendant is mentioned in the complaint, that defendant is JP Morgan Chase ("JP Morgan").  What is clear from the complaint is that on or about October 31, 2006, Plaintiffs executed a consumer credit transaction obtaining a mortgage loan in the sum of $581,764.  Plaintiffs allege the lender was JP Morgan and the promissory note was secured by a First Trust Deed on the Property which is located in Patterson, California.  The loan obtained is described by Plaintiffs as a "subprime" Option Adjustable Rate Mortgage ("Option-ARM").  It is also not disputed that the complaint in this action was filed on March 2, 2012.

Additional information is available from the memorandum in support of the motion to dismiss by Defendants JP Morgan, California Reconveyance Co. and Deutsche Bank National Trust Co. (hereinafter, the "JP Morgan Motion").  Doc. # 5.  Based on documents subject to judicial notice, JP Morgan's Motion establishes that Plaintiffs defaulted on their loan and a notice of default was recorded on May 12, 2009.  Apparently the notice filed on May 12, 2009, replaced a prior notice of default that was rescinded and "contained the requisite declaration pursuant to [California] Civil Code Section 2923.5."  Doc. # 5 at 10:26-27.  As Defendants point out, Plaintiffs do not allege they have offered tender on the loan

2

1    amount or that they are current in loan payments.  JP Morgan further alleges that the deed of

2    trust was assigned to Deutsche Bank National Trust and a Notice of Trustee's Sale was

3    recorded on July 21, 2010.

4          The JP Morgan Defendants and Shea filed their motions to dismiss on March 9, 2012.

5    Plaintiffs filed their opposition to both motions to dismiss on April 24, 2012.

6                                    **LEGAL STANDARD**

7          A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

8    can be based on the failure to allege a cognizable legal theory or the failure to allege

9    sufficient facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc.,

10   749 F.2d 530, 533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule

11   12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief

12   above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

13   ("Twombly").  While a court considering a motion to dismiss must accept as true the

14   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425

15   U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party

16   opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v.

17   McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be

18   factual in nature.  See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the

19   'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

20   formulaic recitation of the elements of a cause of action will not do").  The pleading standard

21   set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual

22   allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

23   accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

24         The Ninth Circuit follows the methodological approach set forth in Iqbal for the

25   assessment of a plaintiff's complaint:

26         "[A] court considering a motion to dismiss can choose to begin by identifying
           pleadings that, because they are no more than conclusions, are not entitled to
27         the assumption of truth.  While legal conclusions can provide the framework
           of a complaint, they must be supported by factual allegations.  When there are
28         well-pleaded factual allegations, a court should assume their veracity and then

                                              3

determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

Plaintiffs' complaint presents a challenge in organizing an analysis of its many vaguely worded and often duplicative claims.  Although Shea and the JP Morgan Defendants have moved for dismissal on somewhat different grounds, there are broadly applicable defenses that, if sustained, would bar many, if not all, of Plaintiffs' claims as to both Defendants.  Primary among these is the contention of all Defendant parties that all of Plaintiffs' claims that would normally have accrued as of the date of the execution of the mortgage are now time-barred.  Second, to the extent Plaintiffs have asserted claims based on, or sounding in fraud, such claims are subject to dismissal if they fail to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  Third, given that Plaintiffs admittedly have not alleged tender or the ability to tender the loan proceeds, any of the claims for relief that seek rescission of the loan or would otherwise implicate the amount owed by Plaintiffs to Defendants may be barred by Plaintiffs' failure to allege tender of the amount owed.  With the goal of conservation of scarce judicial resources in mind, the court will first address the defenses that may be asserted against multiple claims for relief.  The court will then address individual claims and defenses as necessary.

### I. Statutes of Limitations

#### A.  Truth In Lending Act ("TILA")

The limitations period for a claim for damages under TILA is one year.  15 U.S.C. § 1640(e); Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996).  The three-day right of rescission provided by TILA, 15 U.S.C. § 1635(a), may be extended to a maximum period of three years if the lender fails to comply with TILA disclosure requirements.  15 U.S.C. § 1635(f) provides, in pertinent part:

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required

4

under this section or any other disclosures required under this part have not been delivered to the obligor. . .

See also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitations period").

While a claim for *rescission* under section 1635(f) is not subject to equitable tolling, the Ninth Circuit has held that *damage* claims under TILA may be equitably tolled. King v. California, 784 F.2d 910, 915 (9th Cir. 1987). "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). As this court has noted, the doctrine of equitable tolling focuses not on the bad acts of the defendant, but on "whether there was excusable delay by the plaintiff." Aylon v. JP Morgan Chase Bank, 2012 WL 1189455 (E.D. Cal. 2012) at *8. The "mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations. This is sensible, because it is in line with the generally applicable principles of equitable tolling, and because a contrary rule would render the one-year statute of limitations meaningless, as it would be tolled whenever there were improper disclosures." Garcia v. Wachovia Mort. Corp., 676 F.Supp.2d 895, 906 (C.D. Cal. 2009). Because equitable tolling depends on the *plaintiff's* diligence in discovering the facts that establish their claim, Plaintiffs have the burden to allege facts in the complaint to justify equitable tolling. See, e.g., Aylon, 2012 WL 1189455 at *10 (equitable tolling denied were insufficient facts to establish it are not alleged in complaint).

"The limitations period [for damages under TILA] runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. Altman v. PNC Mortgage, 2012 WL 174966 (E.D. Cal. 2012) at *20 (citing Monaco v. Bear Stearns Residential Mortgage Corp., 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008)). Plaintiffs assert in their complaint that "[a]ny and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601 et seq.

were tolled due to Defendants' failure to effectively provide the required disclosures and notices." Doc. # 1-3 at 14:3-6.  In their opposition to Defendants' contentions that Plaintiffs' TILA claims are time-barred, Plaintiffs contend that Plaintiffs' status as persons capable of speaking only limited English justifies equitable tolling pursuant to Gonzales v. Ameriquest Mortgage Co., 2004 WL 2472249 (N.D. Cal. 2004).

Plaintiffs' contention that their TILA claim should be equitably tolled because the required documents were not provided is directly contrary to the conclusion reached in Garcia.  As the Garcia court observed, stated time limits on a statute requiring the provision of certain documents and disclosures cannot be tolled until the required documents are provided otherwise any provision of a limitation period would be meaningless.  The requirement for diligent effort to discover the factual basis for a claim means, among other things, that a plaintiff must show timely effort in identifying the documents that should have been provided but were not.  By the same token, Plaintiffs' reliance on Gonzalez for the proposition that their limited English fluency justifies equitable tolling is misplaced.  The plaintiff in Gonzalez alleged diligent effort to discover the factual basis for her claims in her complaint.  Most importantly, the plaintiff in Gonzalez alleged in her complaint that she had requested the documents that were not provided but was told by the defendants in that case that she would be required to pay for them.  The complaint in Gonzalez was filed only seven days after the limitations period had elapsed.  Pineda v. Washington Mutual Bank, 2011 WL 249486 (N.D. Cal. 2011) at *4.  District courts in this circuit have held that lack of English fluency, without more, is not a sufficient basis for tolling of TILA's one-year statute of limitations.  See Herrera v. Countrywide KB Home Loans, 2010 WL 3516100 (N.D. Cal. 2010 at *2).  The court concludes that Plaintiffs in this action have failed to show sufficient cause for tolling of the statute of limitations as to their damage claim under TILA.  The claim is therefore time-barred.

Plaintiffs' claim for rescission under TILA is also time-barred by the three-year statute of limitations which, as previously noted, is not subject to equitable tolling.

6

### B.  Real Estate Settlement Procedures Act ("RESPA")

Plaintiffs' sixth claim for relief alleges Defendants violated RESPA's prohibition of referral fees or fee-splitting by assessing a "Yield Spread Premium" against Plaintiffs' loan in violation of 12 U.S.C. § 2607(a).  RESPA provides a one-year limitations period for damage claims arising from violation of sections 2607.  12 U.S.C. § 2614; <u>Jensen v. Quality Loan Service Corp.</u>, 702 F.Supp.2d 1183, 1195 (E.D. Cal. 2010).[1]  Since fee-splitting and kick-back violations occur, if at all, at the beginning of the loan, "courts have considered the 'occurrence of the violation' as the date the loan closed."  <u>Id.</u>  The same tolling standards apply to RESPA claims as are discussed above in regard to TILA claims.  <u>Shapiro v. Bank of America</u>, 2012 WL 670960 (E.D. Cal. 2012) at *5; <u>see also</u> <u>Jensen</u>, 702 F.Supp.2d at 1195 (citing <u>Santa Maria</u> for the tolling standard applicable to RESPA damage claims).

Plaintiffs allege no additional facts with regard to equitable tolling of their RESPA claim.  The court concludes Plaintiffs' RESPA claim are time-barred.  Tolling is not appropriate under the facts alleged for the reasons stated above.

### C.  Claims Under Cal. Civ. Code §§ 1916 et seq.

Section 1916 of the California Civil Code regulates certain practices pertaining to particular types of loans.  Of relevance to this action, the section regulates certain aspects of adjustable rate mortgages.  Broadly, the portion of the Civil Code encompassed by section 1916 provides requirements for certain specific disclosures at the time the loan is executed and provides certain restrictions on rate changes, principle increases and similar specific loan practices.  Pursuant to California Civil Code section 1916 – 3, a loan of money under terms that violate section 1916 provisions is subject to civil action if such action is brought within one year of payment in violation of the terms of a particular subsection.  Where violation of

---

[1]   Plaintiffs' complaint does not specify which provision of RESPA is at issue.  The heading to Plaintiffs' sixth claim for relief references only section "2601 et seq."  Since the factual basis of Plaintiffs' sixth claim for relief is confined to allegations regarding "yield spread premium" and "buy back fees," the court presumes Plaintiffs' RESPA claim is confined to the anti-kickback provisions of 12 U.S.C. § 2607(a).  To the extent Plaintiffs may intend to assert claims with regard to Qualified Written Requests pursuant to section 2605, such claims are similarly time-barred pursuant to the applicable three-year limitations period.

1    disclosure requirements is alleged, the general three-year limitations period for liability

2    provided by statute pursuant to California Code of Civil Procedure § 338 applies.  See Das. V

3    WMC Moirtgage, 831 F.Supp.2d 1147, 1159(N.D. Cal. 2011); Tassan v. Family Lending

4    Services, 2012 WL 2774967 (Cal.App. 1 Dist. 2012).

5         Plaintiffs' seventh claim for relief alleges the loan provided for monthly changes in

6    interest rates in violation of section 1916.7(b)(2).  The statutory limitations period on

7    Plaintiffs' seventh claim for relief appears to be one year from the date of the first interest

8    rate adjustment in violation of the section, which Plaintiffs allege happened in the second

9    month of the loan.  At maximum, the limitations period on Plaintiff's seventh claim for relief

10   lapsed three years from the date of execution of the loan agreement.  In either event,

11   Plaintiffs' seventh claim for relief is time barred.  No facts are provided that would justify

12   equitable tolling.

13        Plaintiffs' tenth claim for relief alleges Defendants failed to provide proper

14   information at the time the loan agreement was executed.  Pursuant to the foregoing, the

15   applicable three-year limitations period began to run at the time the documents were signed,

16   Das v. WMC Mortgage Corp., 831 F.Supp.2d 1147, 1159 (N.D. Cal. 2011), and Plaintiffs'

17   tenth claim for relief is consequently now time-barred.  Again, no facts are presented to

18   warrant equitable tolling.

19        Plaintiffs' thirteenth claim for relief alleges that the loan agreement provided for pre-

20   payment penalty in violation of Cal. Civ. Code § 1916.7(b)(8).[2]  Plaintiffs have not alleged

21   that they were actually charged a prepayment penalty.  To the extent Plaintiffs are alleging the

22   loan agreement was unlawful because of the provision permitting a prepayment penalty,

23   Plaintiffs claim is time barred under both three-year and one-year statutes of limitations for

24   the reasons discussed above.  To the extent Plaintiffs' may have intended to allege they were

25   charged a prepayment penalty at some later time, the complaint lacks the facts to establish

26   such a claim.

27   _____

28        [2]   The court presumes that the heading in the complain citing section 1916.7(a)(8) is a typographical error.

1

### D.  California Civil Code § 1632

2          Plaintiffs' twelfth claim for relief alleges violation of California Civil Code § 1632,

3   which, like TILA, requires certain disclosures where a contractual negotiation and agreement

4   is carried out in one of a number of designated languages, including Tagalog.  "[C]laims

5   under California Civil Code § 1632 are subject to one-year statute of limitations pursuant to

6   California Code of Civil Procedure §340(a).  Esoimeme v. Wells Fargo Bank, 2011 WL

7   3875881 (E.D. Cal. Sept 1, 2011) at *7.  Since the notices and translations required by

8   section 1632 are to be provided prior to the execution of the agreement, the statute of

9   limitations has run on Plaintiffs' twelfth claim for relief and that claim is now time barred.

10          ### E.  Fraud and Fraud-Related Claims

11          "The applicable statute of limitations governing a fraud cause of action is Cal. Code

12   Civ. Proc. § 338(d), which provides a three year statute of limitations for bringing 'an action

13   on the ground of fraud or mistake.'"  Id. at 1166.  The three-year limit "begins to run only

14   when the aggrieved party discovers 'the facts constituting the fraud.'"  Borberg v. Guardian

15   Life Ins. Co. of America, 171 Cal.App.4th 912, 920 (2 Dist. 2009).  As will be discussed

16   below, the court lacks information to determine if there is a viable fraud claim and, if so,

17   when it accrued.

18          ### F.  Implied Covenant of Good Faith and Fair Dealing

19          An action on "any contract, obligation or liability founded upon an instrument in

20   writing" must be commenced within four years of accrual of the action.  Cal. Code Civ. Pro.

21   §337(1).  The acts complained of in Plaintiffs' complaint include withholding of disclosures

22   and required notices and improper underwriting (loan qualification).  All these allegations are

23   aimed at conduct occurring at the beginning of the loan.  Therefore, the court concludes that

24   Plaintiffs fourth claim for relief for breach of the implied covenant of good faith and fair

25   dealing accrued as of the date the loan agreement was executed.  It follows that Plaintiffs'

26   fourth claim for relief is time-barred.  As above, Plaintiffs have pled no facts that would

27   entitle them to equitable tolling of their claim.

28

9

### G.  Breach of Fiduciary Duty

The statute of limitations for an alleged breach of fiduciary duty is four years.  Cal. Code Civ. Proc., § 343; Stalberg v. Western Title Ins. Co., 230 Cal.App.3d 1223, 1230 (1991).  As is usually the case, the limitations period begins to run at the time the plaintiff discovers her claim or when the facts constituting the claim were or could reasonably have been discovered.  Id.  As will be discussed below, the only party against whom Plaintiff could possibly plead a claim for breach of fiduciary duty is the loan brokerage company, Shea.[3] Because Shea could only have been involved at or before the execution of the loan agreement, Plaintiffs' claim against Shea accrued as of the execution of the loan agreement. The court therefore concludes that Plaintiffs' claim against Shea for Breach of Fiduciary Duty is time barred.  As above, Plaintiffs have not pled facts to justify equitable tolling.

### H.  Cal. Bus. & Professions Code § 17200 - (Unfair and Deceptive Acts & Practices)

"A claim for unfair competition under Business and Professions Code section 17200 must be brought within four years of its accrual."  Broberg v. Guardian Life Ins. Co., 171 Cal.App.4th 912, 920 (2 Dist. 2009) (citing Cal. Code Civ. Proc. § 338(d)).  Although there has been some discussion as to whether the "delayed discovery rule" applies under section 17200, the Broberg court held "we believe the better view is that the time to file a section 17200 cause of action starts to run only when a reasonable person would discovered the factual basis for the claim."  Id. at 920-921.

Plaintiffs' sixteenth and twentieth claims for relief appear to be identical in that they both allege unfair, deceptive or fraudulent business practices.  Plaintiffs' sixteenth claim is

_____

[3]   "Under California law, a mortgage broker acts in a fiduciary capacity that 'not only imposes upon him the duty of acting in the highest good faith toward his principal but also precludes the agent from obtaining advantage over the principal in any transaction had by virtue of his agency.' [Citation.]"  Brewer v. Indymac Bank, 609 F.Supp.2d 1104, 1119 (E.D. Cal. 2009) (quoting Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 782 (1979)). However, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1093 n.1 (1991).  In the absence of facts to show "special circumstances" a loan is "at arms length and there is no fiduciary relationship between the borrower and lender."  Oaks Mgm't Corp. v. Superior Court, 145 Cal.App.4th 453, 466 (2006).  Thus, the only party against whom breach of fiduciary duty can be pled without the allegation of special circumstances is Shea.

10

1   captioned as being alleged pursuant to "Unfair and Deceptive Business Act Practices

2   (UDAP)."  Doc. # 1-3 at 38:22.  At paragraph 138 of the complaint, Plaintiffs specify that the

3   acts alleged are in violation of California Business and Professions Code § 17200.  Plaintiffs'

4   twentieth claim for relief alleges "Predatory Lending" in violation of section 17200.  So far as

5   the court can tell, the only difference between the two claims is that Plaintiffs' sixteenth

6   claim for relief is alleged with a bit more particularity.  The gravamen of both claims is that

7   the Defendants fraudulently and deceptively failed to disclose required and important

8   information and failed to conduct proper underwriting, all to Plaintiffs' detriment.  In the case

9   of both claims for relief, the allegations center around Defendants' conduct at the time of the

10   formation of the loan agreement.  Because the claims both concern conduct at the beginning

11   of the loan period, the court concludes that Plaintiffs' claims under section 17200 accrued at

12   or close to the date the loan documents were signed.  Even presuming that the delayed

13   discovery rule applies to claims under section 17200, no basis for a finding of delayed

14   discovery of facts is pled.  The court concludes Plaintiffs' claims under section 17200 are

15   time-barred.

16       Based on the foregoing, the court concludes that Plaintiffs' fifth, sixth, seventh, ninth.

17   tenth, twelfth, thirteenth, and seventeenth, claims for relief are time-barred under the facts

18   alleged.  In addition Plaintiffs sixteenth and twentieth claims for relief pursuant to section

19   17200 are time barred to the extent that either the statutory limit of four years has run on

20   claims alleging unfair or fraudulent practices *or* the statutory limit has run on any claim of

21   unlawful conduct under any other predicate statute.  See discussion at sections IV(H) and

22   IV(P), *infra*.

23   **II.   Fraud – Particularity of Pleading**

24       Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with

25   particularity the circumstances constituting fraud.  "[W]hile a federal court will examine state

26   law to determine whether the elements of fraud have been pled sufficiently to a cause of

27   action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with

28   particularity is a federally imposed rule."  Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103

11

(9th Cir. 2003).  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances

constituting fraud so that the defendant can prepare an adequate answer to the allegations."

Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993).  In addition to the who, what

when, where and how of the required factual allegations, see Cooper v. Pickett, 137 F.3d 616,

627 (9 Cir. 1997); the pleader must allege the names and/or position of responsibility of the

person(s) who made the allegedly fraudulent representation, to whom they spoke and whether

the fraudulent representation was written or oral.  Tarman v. State Farm Mut. Auto. Ins. Co, 2

Cal.App.4th 153, 157 (1991).  In their allegations of fraudulent misrepresentation, it is not

sufficient that a party merely assert that a statement was fraudulent; rather, a pleading must

state with particularity what was represented that was false and why it was false.  In re

GlenFed, Inc. Securities Litigation, 42 F.3d 1541, 1547-1548 (9th Cir. 1994).

     Plaintiffs' complaint alleges nothing with regard to the acts of individual Defendants.

Plaintiffs come closest to making a factual allegation in Paragraph 131 of the complaint

which states in its entirety:

> The credit application and or W-2's provided by Plaintiffs was [sic]
> enough, in addition to the application itself for Defendants to know what type
> of loan should be offered, and what the Plaintiffs could not afford.  Any
> falsification of a credit application by a broker or seller for purposes of
> securing a loan is de facto fraud.  U.S. v. Robinson, 4th Circuit 2004.

Doc. # 1-3 at ¶ 131.

     Other than the contents of the paragraph cited, Plaintiffs' complaint offers no facts

regarding the acts or omissions of any Defendant entity, let alone any particular person.

Plaintiffs' opposition to the motions to dismiss offers little more except for an argument that

Defendant Shea and the other Defendants were each other's agents.  Reading between the

lines, the facts alleged suggest that an individual at Shea may have made some kind of

statement leading Plaintiffs to believe they could afford the loan thereby inducing them to

enter into the loan agreement.  Notwithstanding the untimeliness of Plaintiffs' allegations of

fraud, the court finds the pleadings insufficient to identify the person who made the allegedly

false representations, when and in what context.

     Further, the allegations contained in the complaint do not specify what was said or

written that was false or fraudulent.  An agreement to lend money following submission of unfavorable credit information by a borrower, by itself, cannot logically be construed as a false guarantee of the borrower's ability to repay.  It is simply an expression of the lender's willingness to accept the risk of default on the loan because acceptance of that risk is the only factor within the lender's control.  See Heagerty v. Home Savings of America, 968 F.2d 1220, 1992 WL 149853 (C.A.9 (Cal.)) ( willingness to lend does not mean that borrower is likely to repay and is not a basis for fraud allegation).  While the all-too-common problem of decisions by lending institutions to fund  mortgages in the face of facts indicating probable future default is evidence of systemic poor risk management, no court, to this court's knowledge, has found that such practices constitute fraud.  It makes no sense to hold that a lending institution that commits to funding a loan thereby becomes the guarantor of the borrowers ability to pay.

The court finds Plaintiffs have failed to state facts sufficient to satisfy the pleading requirements of F.R.C.P. 9(b) by failing to specify the time, place and person who made a false or misleading statement or omission and what the content of the statement or omission was and why it was fraudulent.

## III.  Rescission and Tender-Related Issues

Defendants contend, and Plaintiffs admit, that there has been no tender of payment of either principal or of the amount in arrears.  Defendants contend that, as a result of Plaintiffs failure to allege tender, they lack standing to bring claims for rescission under TILA (fifth claim for relief), quiet title (twenty-first claim for relief), and wrongful foreclosure (twenty-third claim for relief).  See Doc. # 25 at 14:6-9.  To this list, the court would add any claims for rescission under Federal and California law that may be read into Plaintiffs' fourteenth claim for relief .

As an initial matter, the court notes that Plaintiffs' fourteenth claim for relief labeled "Rescission" seeks rescission of the loan on both TILA and state law grounds.  Requirements for the allegation of tender in a complain appear to vary to some degree depending on the type of relief sought and the grounds for that relief.  Where a plaintiff seeks to cancel a

voidable sale under a deed of trust "[a] valid and viable tender of the indebtedness is essential." Karlsen v. American Savings & Loan Assn., 15 Cal.App.3d 112, 117 (2nd Dist. 1971).  Under California law, a party seeking rescission of a contract is obliged under section 1691 of the California Civil Code to "restore to the other party everything of value which he has received from him under the contract . . . ."  Thus, courts interpreting California law have consistently held that to state a valid claim for rescission a plaintiff "must at least allege that [they] ha[ve] offered to tender." Das v. WMC Mortgage Corp., 831 F.Supp.2d 1147, 1162 (N.D. Cal. 2011).

    With regard to rescission pursuant to TILA, 15 U.S.C. § 1635(b), the requirement for tender, or the allegation of ability to tender, appears somewhat more malleable.  As Plaintiffs point out, a central case dealing with judicial discretion with regard to tender requirements under TILA is Yamamoto v. Bank of New York, 329 F.3d 1167 (9th Cir. 2003).  As an initial matter, it is important to make clear that what Yamamoto and cases interpreting it are concerned with is not the issue of whether tender is ultimately required – it is – but the question of *when* tender is required relative to when the lender's interest in the property securing the loan is voided.  Section 1635(b) provides, in pertinent part:

> Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.  If the creditor has delivered any property to the obligor, the obligor may retain possession of it.  Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

    Section 226.23 of Regulation Z implements section 1635(b) and generally tracks the sequence of events that constitute rescission.  However, subparagraph (4) of subsection 226.23(d) confers on courts discretion to modify "[t]he procedures outlined in paragraphs (d)(2) and (d)(3) of this section."  Thus, while courts have no power to alter substantive provisions pertaining to rescission, they may, at their discretion, alter procedural provisions. Yamamoto, 329 F.3d at 1171.  The Yamamoto court explained the discretionary power of district courts is intended to serve the purpose of assuring "that the borrower meets her

14

obligations once the creditor has performed its obligations." Id. at 1173.  In addition, the Yamamoto court made the critical point that rescission does not occur when the obligor notifies the lender of her decision to rescind; rather, rescission occurs when the lender agrees to the rescission *or*, in a contested case "where the right to rescind is determined in the borrower's favor." Id. at 1172.

Notwithstanding the range of the court's discretion, "the majority of Courts to address the issue [of tender pleading requirements] recently have required that borrowers allege an *ability* to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." Garcia v. Wachovia Mortgage Corp., 676 F.Supp.2d 895, 901 (C.D. Cal. 2009) (italics added).  The reason is clear upon consideration of the Yamamoto court's explanation of the utility of the court's ability to exercise discretion with regard to requiring in the pleading at least some acknowledgment of the requirement to tender the remaining principal and some indication of the ability to do so:

> As rescission under § 1635(b) is an ongoing process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures *after* deciding that rescission is warranted, may not do so *before* deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what.

Yamamoto, 329 F.3d at 1173.

To put the matter more bluntly, the court's interest in the exercise of its discretion is to assure Plaintiffs can meet their obligation to repay the loan proceeds should they succeed in their claims for rescission (less interest, finance charges, etc.) "'*before* going through the empty (and expensive) exercise of a trial on the merits.'".  Garcia, 676 F.Supp.2d at 903 (quoting Yamamoto, 329 F.3d at 1173) (italics added in Garcia).  One of the central allegations of Plaintiffs' complaint is that they were directed into a loan they could not afford. While this allegation is not conclusive of Plaintiffs' ability to repay the loan amount, the inferences that can be drawn are negative.  Where, as here, the inferences that can be drawn from the complaint cast doubt on Plaintiffs ability to repay, this court has followed the reasoning in Garcia by requiring plaintiffs asserting claims for rescission to allege both their

15

recognition of their duty to repay the loan amount and at least some facts from which the ability to tender can be inferred.  See e.g. Del Valle v. Mortgage Bank of California, 2010 WL 1813505 (E.D. Cal.) at *11 (plaintiff claiming rescission must plead facts showing present ability to tender amount owed).

The court concludes that, under both case authority and the prevailing practice of this court, Plaintiffs are required to plead facts from which it can be fairly deduced that Plaintiffs have the present ability to tender payment of the loan proceeds (less fees, interest, etc.) in order to have standing to assert any claim that would have the effect of eliminating Defendants' security interest in the subject property.  This includes, without limit, Plaintiffs fifth, fourteenth, twenty-first and twenty-third claims for relief.  The court reiterates that Plaintiffs' claim for rescission under TILA is time-barred.  However, to the extent that rescission may be based on other grounds, or to the extent Plaintiffs may be able to provide an acceptable ground for equitable tolling of TILA claims in an amended complaint, the court will require facts regarding tender consistent with this order before the court will give consideration to any claim that seeks to void Defendants' security interest in the subject property.

## IV.  California's Non-Judicial Foreclosure Scheme – Related Claims

Although Plaintiffs' complaint is, in many respects, vague and lacking in clarity, there is at least the suggestion that Plaintiffs' first, third, twenty-first and twenty-fourth claims for relief are predicated on the fact the promissory note and the mortgage or deed of trust were separated and the original note is not currently held by any of the Defendants.  To the extent any of Plaintiffs allegations can be understood to have asserted claims based on a theory of "separation of the note from the deed of trust," those claims are defeated by California's non-judicial foreclosure statutes.

Under California law, physical possession of the promissory note is irrelevant.  "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of

16

the loan. The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan. Legal title to the property is held by a trustee until the loan is repaid in full." Bartold v. Glendale Federal Bank, 81 Cal. App. 4th 816, 821 (Cal. App. 4th Dist. 2000).

"The statutory scheme can be briefly summarized as follows. Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale (Cal. Civ. Code §2924). The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee (Cal. Civ. Code §2924). After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale (Cal. Civ. Code §2924(b)). After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale (Cal. Civ. Code §2924f). The trustee may postpone the sale at any time before the sale is completed (Cal. Civ. Code §2924g(c)(1)). If the sale is postponed, the requisite notices must be given (Cal. Civ. Code §2924g(d)). The conduct of the sale, including any postponements, is governed by Civil Code section 2924g. The property must be sold at public auction to the highest bidder (Cal. Civ. Code §2924g(a))." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (Cal. App. 2d Dist. 1994), citations omitted.

To initiate the foreclosure process, "The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code §2924(a)(1). California law is clear in stating, "Where *a power to sell* real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code §2932.5 (italics added). Trustees regularly foreclose on behalf of assignees for the original beneficiary. See, e.g. Block v. Tobin, 45 Cal. App. 3d 214, 218 (Cal. App. 1st Dist. 1975). When a mortgage is sold, physical transfer of the note is not

17

required. See, e.g. In re Golden Plan of Cal., Inc., 829 F.2d 705, 708-11 (9th Cir. Cal. 1986) (agreement transferring proceeds of note, including hiring agent to handle monthly payment collections and potential foreclosure proceedings, but no physical transfer of mortgage note was nevertheless a sale).

In summary, the requirements for conducting nonjudicial foreclosure proceedings set forth in California Civil Code § 2924 are intended to be exhaustive. See Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994); Homestead Sav. v. Darmiento, 230 Cal.App.3d 424, 432-33 (1991). A trustee or trustee's designee has authority to conduct a nonjudicial foreclosure proceeding.  Cal. Civ.Code § 2924(a)(1).  It is well-settled that California law does not require production of the note as a condition to proceeding with a nonjudicial foreclosure proceeding. See id.; Quintos v. Decision One Mortg. Co., 2008 WL 5411636, at *3 (S.D.Cal. Dec. 29, 2008); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *7-8 (S.D.Cal. Oct. 30, 2008); see also Harrington v. Home Capital Funding, Inc., 2009 WL 514254, at *4 (S.D.Cal. Mar. 2, 2009).

To the extent any of Plaintiffs' claims for relief are based on the theory that the original promissory note must be in possession of the trustee, such claim is without merit.

## V.  Individual Claims and Applicable Defenses

### A.  Plaintiffs' First Claim for Declaratory Relief

Plaintiffs' first claim for relief is duplicative of their claims for wrongful foreclosure and to quiet title.  The claim is based on the contention Plaintiffs had no right to foreclose on the property because they lacked a security interest and because of violations of various statutes including TILA.  As explained above, Defendants did not lack the right to foreclose on the ground the note was separated from the deed of trust.  Plaintiffs' allegations regarding the foreclosure process itself will be discussed below.  Plaintiffs claims under TILA and all other claims based on the origination of the mortgage are now time barred.  Because Plaintiffs' first claim for relief is duplicative of other substantive claims for damages, it will be dismissed with prejudice.  See Jensen v. Quality Loan Service Corp., 702 F.Supp.2d 1183, 1189 (E.D. Cal. 2010) (declaratory relief is not available where party can assert fully ripened

18

claim for damages or where declaratory relief claim duplicates cause of action for damages).

## B. Plaintiffs' Second Claim for Injunctive Relief

Plaintiffs' second claim for relief is duplicative of Plaintiff's twenty-fourth claim for relief.  The only discernable difference is that the language of Plaintiffs' second claim for relief suggests the foreclosure sale on the property is imminent while Plaintiffs' twenty-fourth claim for relief suggests the sale is/was accomplished prior to the filing of the complaint.  In either event, Plaintiffs have failed to state a claim.  As Defendants point out, injunctive relief is a remedy; not a stand-alone cause of action.  Shell Oil Co. v. Richter, 52 Cal.App.2d 164, 168 (1942).  Injunctive relief is a remedy that is only available to prevent future acts by a defendant where a plaintiff is able to show, among other things, irreparable injury and a likelihood of success against the defendant on the merits of her claim.  Barajas v. City of Anaheim, 15 Cal. App.4th 1808, 1813 (1993).  As Defendants contend, Plaintiffs have demonstrated neither.  Plaintiffs have failed to show prejudice because they have failed to show that Defendants did/do not have authority to carry out the foreclosure process.  Similarly, Plaintiffs have shown no likelihood of success because they have failed to show that they are capable of asserting any claim against Defendants that is not either time-barred, inadequately adequately pled, or that fails to allege facts and law sufficient to warrant relief.

Plaintiffs' second claim for relief will be dismissed without prejudice; the twenty-fourth claim for relief will be dismissed with prejudice as duplicative.

## C. Plaintiffs' Third Claim for Relief to Declare Extent and Validity of the Lien

Plaintiffs' third claim for relief is based on the contention that the promissory note is not in the possession of the Defendants or of the designee of the Trustee.  Plaintiffs' third claim for relief is dismissed for the reasons discussed above in section IV.  In addition, Plaintiffs' third claim for relief is duplicative of Plaintiffs' claim to quiet title because the latter also necessarily determines the extent and validity of the lien.  See Jensen, 702 F.Supp.2d at 1189 (request for declaratory relief should be dismissed of duplicative of substantive claim where both claims involve determination of ownership of same property).  Because no conceivable set of facts could state a claim for relief under the theory asserted by

Plaintiffs, the third claim for relief will be dismissed with prejudice.

### D. Fourth Claim for Relief for Breach of Implied Covenant of Good Faith

Plaintiffs' fourth claim for relief is time-barred for the reasons discussed in section II(F), above.  For the most part, Plaintiffs' fourth claim for relief duplicates Plaintiffs' fifth, sixth and fifteenth claims for relief in that it alleges unspecified parties failed to provide proper notification and that there was a failure to warn Plaintiffs of their likely inability to pay.  To the extent Plaintiffs are attempting to allege the violation of a duty that is not alleged in other claims, the court notes that a lender generally has no duty to protect the borrower's investment or to warn her that the investment is unsafe.  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1989, 1096 (3rd Dist 1991).  Because Plaintiffs' Fourth claim for relief is both time-barred and duplicative, it will be dismissed with prejudice.

### E. Fifth Claim for Relief Pursuant to TILA, 15 U.S.C. § 1601 et seq.

Plaintiffs' claims for damages under TILA are time-barred as discussed above but will be dismissed without prejudice because other facts that could be alleged but were omitted from the complaint may be alleged in an amended complaint.  To the extent Plaintiffs seek rescission of the loan as a result of alleged TILA violations, such rescission is unavailable to Plaintiffs not only because Plaintiffs have failed to allege tender or recognize the duty to tender and plead facts indicating the present ability to do so, but also because the statute of limitations is not susceptible to equitable tolling with regard to rescission.  Plaintiffs fifth claim for relief will be dismissed without prejudice as to the damages claim and with prejudice as to any claim for rescission.

### F. Plaintiffs' Sixth Claim for Relief under RESPA (Yield Spread Premium)

Plaintiffs sixth claim for relief for damages arising from an alleged Yield Spread Premium is time barred.  The court also notes the claim is confusing to the point of being nonsensical.  To the extent Plaintiffs could amend their pleading to state a valid reason for equitable tolling of the statute of limitations, they are obliged to plead facts to show who was paid a yield spread premium, by whom, and why the court should hold such payment unlawful under RESPA.  Plaintiffs' sixth claim for relief will be dismissed without prejudice.

### G.  Plaintiffs' Seventh Claim for Relief Pursuant to Cal. Civ. Code § 1916.7

Plaintiffs' seventh claim for relief alleges that Defendants violated the terms of Cal.

Civ. Code § 1916.7(b)(2) by adjusting interest and monthly payments at more frequent

intervals than allowed by the statute.  Subsection (b)(2) provides, in its entirety:

> Monthly payments may be adjusted to reflect changes in the variable interest rate of the loan.  Changes in interest and monthly payment shall not occur more often that twice during any annual period and at least six months shall elapse between any two changes.  The rate of interest and monthly payments shall not change during the first semiannual period.  The amount of any increase in monthly payment shall not exceed 7.5 percent annually.

Id.

Plaintiffs allege that the index to which their option ARM mortgage was tied varied

monthly and that interest rates therefore varied monthly in violation of the statute.  Plaintiffs'

claim under subsection 1916.7 fails for two reasons.  The first is that section 1916.7 "applies

only to mortgage loans made pursuant to it." Das v. WMC Mortage Corp., 831 F.Supp.2d

1147, 1159 (N.D. Cal. 2011).  Plaintiffs cannot maintain a claim pursuant to section 1916.7

without alleging the loan was made pursuant to that section.  Second, as discussed above at

section (1) (C), plaintiffs' claim for relief pursuant to Cal.Civ. Code § 1916.7 is either time-

barred or else Plaintiffs have failed to provide facts sufficient to show why the applicable

statute of limitations should not have begun to run as of the first change in interest rates and

payments that are alleged to have occurred prior to the first semiannual period.  Plaintiffs'

seventh claim for relief will be dismissed without prejudice.

### H.  Plaintiffs' Eighth Claim for Relief Pursuant to Cal. Civ. Code § 1920

California Civil Code section 1920 sets forth the requirements of a "mortgage

instrument."  Among the requirements is the mandate that lenders consider a borrower's

ability to meet her mortgage obligations before the lender adjusts interest rates and monthly

payments, and mandate that proper notice and disclosure be given to borrowers before

lenders change loan rates or payments.  Id. Section 1920 does not explicitly authorize a

private right of action and this court is not aware of any other district court in California that

has permitted a private right of action under this statute.  See Marks v. Chicoine, 2007 WL

1056779 (N.D. Cal. 2007) at *8 (a plaintiff may bring an action pursuant to section 17200 for violation of section 1920, but may not bring a free-standing claim under section 1920).

Plaintiffs' eighth claim for relief fails not only because there is no private right action under the statute but also because Plaintiffs' claim fails to allege that the statue was violated. Plaintiffs allege that Defendants received Plaintiffs' income information, credit information, etc. but nonetheless agreed to fund a loan that Plaintiffs could not pay.  This misses the point. Plaintiffs offer no facts to show that Defendants failed to give *consideration* to Plaintiffs' credit information.  Section 1920 does no require an accurate prediction of a borrower's risk of default, only the consideration of facts related to that risk.  It would appear Defendants undertook the required consideration.

Plaintiffs' eighth claim for relief will therefore be dismissed with prejudice.

### I. Plaintiffs' Ninth Claim For Relief Pursuant to Cal. Civ. Code § 1916.7 (b)(4)(B)

Subsection (b)(4B) of section 1916.7 provides that, for a loan made pursuant to that section, where a monthly payment is insufficient to pay the interest for that month the unpaid interest may be added to the loan principal *provided* "the difference which is added to the principal [. . .] [is not] an amount which causes the resulting loan-to-value ratio to exceed the loan-to-value ration at the time of loan origination."  Id.  Plaintiffs allege that during the first months of the loan – before any of the principal was reduced – the accumulation of unpaid interest-as-principal caused by the artificially low  "teaser rate" payments resulted in an increased loan-to-value ratio in violation of the statute.

Plaintiff's ninth claim for relief fails for exactly the same reasons as Plaintiffs' seventh claim for relief. That is, Plaintiffs failed to plead facts to show that the loan they entered into was made pursuant to section 1916.7 and failed to plead facts to show their cause of action did not accrue early in term of the loan such that the claim is not now time-barred. Plaintiffs' ninth claim for relief will therefore be dismissed without prejudice.

### J. Plaintiffs' Tenth Claim for Relief Pursuant to Cal. Civ. Code § 1916.7(c)[4]

---

[4]   Plaintiffs' tenth claim for relief is mislabeled as being pursuant to Cal.Civ.Code § 1916.7 10(C).

1    Subsection 1916.7(c) requires that loan made pursuant to that section contain a

2    specified notice to the borrower.  Plaintiffs allege they did not receive the specified notice at

3    the time of loan origination in violation of the statute.  Again, Plaintiff's tenth claim for relief

4    fails for exactly the same reasons as Plaintiffs' seventh claim for relief. Plaintiffs have failed

5    to plead facts to show that the loan they entered into was made pursuant to section 1916.7

6    and failed to plead facts to show their cause of action did not accrue early in term of the loan

7    such that the claim is not now time-barred.  Plaintiffs' tenth claim for relief will therefore be

8    dismissed without prejudice.

9    ### K.  Plaintiffs' Eleventh Claim for Relief Pursuant to Cal. Civ. Code § 2079.16

10    Plaintiffs' eleventh claim for relief makes no sense.  Section 2079.16 requires that a

11    real estate agent acting as agent for buyer, seller or both provide specified notification(s) to

12    the their principal(s).  The disclosure requirements of section 2079.16 apply to licensed *real

13    estate brokers or their agents*.  Cal. Civ. Code § 2079.13.  So far as the court is aware, none

14    of the Defendant parties are alleged to have acted in the capacity of Plaintiffs' real estate

15    broker or agent.  Certainly, Plaintiffs offer no facts from which the court could find that either

16    Shea or JP Morgan acted as real estate broker or agent on behalf of Plaintiffs.

17    Plaintiffs eleventh claim for relief had some additional significance in that it is the

18    only portion of the complaint that alleges facts intended to show the existence of an agency

19    relationship between any of the Defendant parties.  Specifically, Plaintiffs cite Wyatt v.

20    Union Mortg. Co., 24 Cal.3d 773 (1979) and Montoya v. McLeod, 176 Cal.App.3d 57 (1985)

21    for the proposition that "a broker was the lenders' agent even though he had no written

22    agency agreement with the lenders and was paid by a third party, because the broker

23    negotiated the lenders' loan and executed a promissory note in their favor."  Doc. # 1-3 at

24    22:27-23:3.  Contrary to Plaintiffs' contention, Wyatt did not establish that a broker can be

25    understood as the *lender's* agent.  Rather the Wyatt court held that a broker serves as the

26    *borrower's* agent and consequently owes a fiduciary duty to the *borrower*.  Wyatt, 24 Cal.3d

27    at 782.  The theory of joint liability in Wyatt was based on civil conspiracy, not an agency

28    relationship between broker and lender.  Id.  Montoya is factually a bit more complex but

23

1    fails to support Plaintiffs' agency contention as well.  In <u>Montoya</u>, a person who solicited

2    loans secured by second deeds of trust was deemed to be an agent of her employer due to her

3    status as an employee <u>see</u> <u>Montoya</u>, 176 Cal.App.3d at 63; and was found to be an agent for

4    the borrower plaintiff because she functions in the same capacity as a loan broker for the

5    plaintiffs.  <u>Id.</u> at 64.  In neither case were a broker and lender determined to have an agency-

6    principal relationship simply because of their status as broker and lender.

7           To establish liability under an agency theory against a lender for the wrongful acts of

8    the broker, a plaintiff must allege that the lender so controls the broker as to cause the broker

9    to become merely the agent or instrumentality of the lender.   <u>Laird v. Capital Cities/ABC,</u>

10   <u>Inc.</u>, 68 Cal.App.4th 727, 741 (1998).  The court finds Plaintiffs have failed to allege any

11   facts other than those necessary to show that Shea and the lender had a relationship where by

12   fees were paid and risk was allocated according to an agreement.  This is far from the level of

13   control necessary to establish an agency-principal relationship.  The court finds Plaintiffs

14   have failed to plead facts to show an agency-principal relationship existed between any of the

15   Defendants.

16          In their opposition to Defendants' motions to dismiss, Plaintiffs have tried to bolster

17   their theory of shared liability by alleging that the Defendants were civil conspirators and/or

18   joint venturers.  Civil conspiracy is not an independent tort but a doctrine that "'imposes

19   liability on persons who, although not actually committing a tort themselves, share with the

20   immediate tortfeasors a common plain or design in its perpetration.'"  <u>City of Industry v. City</u>

21   <u>of Fillmore</u>, 198 Cal.App.4th 191, 211-212 (2nd Dist. 2011) (quoting <u>Applied Equip. Corp.</u>

22   <u>v. Litton Saudi Arabia, Ltd.</u>, 7 Cal.4th 510-511 (1994)).  Plaintiffs' contentions regarding

23   civil conspiracy fail not least because they have failed to successfully plead the commission

24   of an underlying tort.  In addition, there are absolutely no facts alleged from which it could be

25   inferred that there existed an agreement between any of the Defendant parties to commit a

26   tort.  <u>See</u> <u>id.</u> at 212 (a civil tort is two or more parties who agree to a common plan to commit

27   a tortious act and commit a wrongful act in furtherance of the agreement with resulting

28   damage to plaintiff).

In the alternative, Plaintiffs argue that the Defendant parties were joint venturers.  The court accepts for the sake of argument that Plaintiffs have correctly described a joint venture as requiring "a community or joint interest in a common business undertaking, an understanding as to the sharing of profits and losses, and the right of joint control."  Doc. # 11 at 12:24-25.  Plaintiffs' appeal to joint venture liability fails because there absolutely no facts alleged that indicate any rights of joint control as to the activities of any of the Defendants.  So far as the alleged facts are concerned, the only rational inference is that each of the Defendants has an independent role in process of making the loan application, funding the loan, servicing the loan and carrying out the process of foreclosure.  Given that the different actors charged separate fees for separate functions, no facts are alleged from which the court could infer a "common business undertaking; nor is there any indication that any of the Defendant parties had the right of joint control over any of the others.

The court rejects as inadequately pled Plaintiffs attempts to assert liability against all Defendants based upon the acts of a single Defendant on theories of agency, civil conspiracy or joint venture.

### L.  Plaintiffs' Twelfth Claim for Relief Pursuant to Cal. Civ. Code § 1632

As discussed above at section I(D), Plaintiffs claim for relief pursuant to section 1632 is time-barred.  Where, as here, it was immediately apparent to Plaintiffs that information was not supplied to them in Tagalog, there is no conceivable basis for tolling of the applicable one-year statute of limitations.  Plaintiffs' twelfth claim for relief is therefore dismissed with prejudice.

### M.  Plaintiffs' Thirteenth Claim for Relief Pursuant to Cal. Civ. Code § 1916.7(b)(8)[5]

Section 1916.7(b)(8) prohibits the assessment of any penalty for early payment of the loan principal.  Plaintiffs allege the subject loan provided for a pre-payment penalty for the first three years of the loan in violation of the statute.  Plaintiff's thirteenth claim for relief

---

[5]   Plaintiffs thirteenth claim for relief is mislabeled as being pursuant to Cal. Civ. Code § 1916.7a(8).

fails for exactly the same reasons as Plaintiffs' seventh claim for relief.  Plaintiffs failed to plead facts to show that the loan they entered into was made pursuant to section 1916.7.  In addition, the court notes that Plaintiffs failed to plead facts to show they were ever subject to, or influenced by their knowledge of the existence of the alleged prepayment penalty.  According to the facts alleged by Plaintiffs, a cause of action could not have accrued after the first three years of the loan because the prepayment penalty no longer applied.  Given the applicable one-year statute of limitations and given that Plaintiffs claim could not possibly have accrued any time after the first three years of the loan, the limitations period on Plaintiffs' claim for relief lapsed not later than the end of 2010.  Because there is no conceivable set of facts that Plaintiffs could plead that would bring their thirteenth claim for relief within the statutory limitations period, that claim will be dismissed with prejudice.

### N.  Plaintiffs' Fourteenth Claim for Relief for Rescission

Plaintiffs fourteenth claim for relief alleges the violation of a number of statutes justifying rescission.  Plaintiffs' Fourteenth Claim for relief fails because Plaintiffs have not pled tender nor fact from which the court could reasonably infer a present ability to tender the unpaid loan amount.  For the reasons discussed at section III, above, Defendants' fourteenth claim for relief for rescission will be dismissed without prejudice except as to their claim for rescission pursuant to TILA, which is not susceptible to equitable tolling as noted above.

### O.  Plaintiffs' Fifteenth Claim for Relief for Fraud

Regardless of whether Plaintiffs' fifteenth claim for relief is based on fraud, fraudulent concealment, or some other species of fraud, Plaintiffs have failed to plead the facts constituting the fraud in conformity with Rule 9(b) of the Federal Rules of Civil Procedure as discussed more thoroughly is section II, above.  Plaintiffs' fifteenth claim for relief will be dismissed without prejudice.  To the extent Plaintiff may seek to amend their claim for fraud, they are reminded that the court will not find fraudulent conduct where a lender agrees to fund a loan in the face of credit information that indicates a high potential for default.  Also, Plaintiffs are reminded they must plead specific facts to show that an action for fraud is not barred by the applicable statute of limitations.

1

### *P.  Plaintiffs' Sixteenth Claim for Relief for Unfair Business Practices*

2

California's unfair business practices act is codified at California Business and

3

Professions Code § 17200, which broadly prohibits "any unlawful, unfair or fraudulent

4

business act or practice and unfair, deceptive, untrue or misleading advertising."  Kearns v.

5

Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009) (quoting Cal. Bus. & Prof. Code §

6

17200).  "Each prong of the UCL is a separate and distinct theory of liability . . . ."  Id.

7

Plaintiffs' complaint alleges:

8

> The current loan is riddled with deceptive and unfair methods of preying upon
> Plaintiffs.  That list contains but is not limited to the following violations: lack

9

> of Broker Disclosures and Mortgage Loan Origination Agreement, lack of
> complete Lender Initial Disclosures, flawed and substandard underwriting,

10

> lack of due diligence with regard to qualifying the Plaintiffs for the loan,
> Appraisal Fraud, Truth in Lending Disclosure errors, proper notice of

11

> Plaintiff's Right to Cancel, Payment of Yield Spread Premiums as Unearned
> Fee and Unjust Enrichment, Equal Opportunity Act Violations, failure to meet

12

> Fiduciary Duty obligations, Fraudulent Misrepresentation of loan terms, Fraud
> in the Factum and Equity Stripping.

13

Doc. # 1-3 at ¶ 137.

14

To the extent Plaintiffs plead any specific facts with regard to their sixteenth claim for

15

relief, those facts appear intended to bolster Plaintiffs' contention that they suffered from

16

Defendants unfair business practice when, after submission of credit information indicating

17

they would likely default, the loan was funded by Defendants.  To the extent allegations

18

pertaining to the approval of Plaintiffs for a loan they could not afford or faulty underwriting

19

of the loan form a major part of Plaintiffs' allegations regarding unfair or deceptive business

20

practices, the Das court noted as instructive the holding of a California appellate court with

21

regard to the duty of a lender to a borrower:

22

> A lender owes no duty of care to the borrowers in approving their loan.  A

23

> lender is under no duty to determine the borrower's ability to repay the loan.
> The lender's efforts to determine the creditworthiness and ability to repay by a

24

> borrower are for the lender's protection, not the borrower's.

25

Das, 831 F.Supp.2d at 1161; see also Nymark, 231 Cal.App.3d at 1100 (lender acting in its

26

conventional role has no duty to borrower in preparing appraisal of property for purposes of

27

lender's assessment of creditworthiness).

28

The court concludes that the weight of such legal authority as the court can find

27

indicates, that under California law, no claim of unfair business practice will lie where a borrower submits credit information indicating they should not receive a loan and the loan is funded in the face of such information.  From this the court finds that Plaintiffs have failed to allege a discernable claim upon which relief can be granted under the "unfair" prong of section 17200.  To the extent Plaintiffs intend or intended to assert a claim against Defendants based on some other unfair business practice, they must state such basis with enough specificity that the opposing parties and the court can identify it as required by Rule 8 of the Federal Rules of Civil Procedure.

To the extent Plaintiffs intended to assert a claim under the "fraudulent" prong of section 17200, such claim must comport with the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure as discussed above at section II.  Since the court has determined that Plaintiffs' pleadings fail to meet the pleading requirements of Rule 9(b), plaintiffs sixteenth claim for relief fails to state a claim under the "fraudulent" prong of section 17200.  This is also the case with regard to any claims of false, fraudulent, or misleading advertising.

With regard to the "unlawful" prong of section 17200, Plaintiffs have not adequately pled a claim for relief on the basis of any statutory provision for the reasons stated elsewhere in this opinion.  In this regard, two considerations are important.  First, Plaintiffs must allege facts sufficient to establish that a statute was violated and who, specifically, acted in violation of the statute.  Plaintiffs' intonement of a statutory label, such as the "Equal Opportunity Act," without any allegation of facts showing which Defendant violated the act and how are insufficient to state a claim.  See Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993) (a plaintiff alleging statutory violation as a basis for liability under section 17200 "must state with reasonable particularity the facts supporting the statutory elements of the violation").  In addition, Plaintiffs are admonished that any claim for relief pursuant to section 17200 that is based on violation of a statute must be timely according to the limitations period of the particular statute.  Garcia, 676 F.Supp.2d at 911 (plaintiff's state statutory claim under section 17200 barred to the extent predicate statutory violations are

time-barred).

### *Q. Plaintiffs' Seventeenth Claim for Relief for Breach of Fiduciary Duty*

As noted above, Shea, acting in the role of loan broker on behalf of Plaintiffs was the only Defendant party in a position to owe Plaintiffs the level of care of a fiduciary.  Wyatt, 24 Cal.3d at 782.  Plaintiffs complaint alleges no facts against Shea; in particular, no facts are alleged against Shea that would warrant equitable tolling.  Absent any facts to indicate otherwise, any cause of action against Shea accrued at the time of loan origination and are now time-barred.  Since none of the other actors owed Plaintiffs a fiduciary duty, they cannot be held liable on any theory of conspiracy or joint venture.  Plaintiffs' seventeenth claim for relief will be dismissed without prejudice.

### *R. Plaintiffs' Eighteenth Claim for Relief for Unjust Enrichment*

Plaintiffs' eighteenth claim for relief alleges unjust enrichment against all Defendants. The only factual basis for the claim is alleged at paragraph 149 of the complaint as follows:

> A forced sale of the Plaintiffs' home, and an allowance for Defendants to recoup the extreme profits enjoyed by forcing Plaintiffs into an imbalance of principal to interest ration, would be inequitable and unconscionable, while the Defendants enjoy the benefit of the Plaintiffs' actions without paying for their own breaches of the law and professional responsibilities.

Doc. # 1-3 at ¶ 149.  Again, it is difficult to determine precisely Plaintiffs mean, but it seems that the claim contemplates that Defendants will sell the home and will recoup the loan proceeds plus the unpaid interests plus the various fees assessed by the Defendants and that some portion of Defendants' recoupment will be unjust.

Unjust enrichment is not an independent cause of action, but rather ""a general principle, underlying various legal doctrines and remedies"'.... [Citation.]" ( Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 793  (2003).   " 'The phrase "Unjust Enrichment" does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.' [Citation.]" Id.  The limitations period on a request for restitution depends on the underlying theory on which restitution is sought.  See Federal Deposit Ins. Corp. v. Dintino,  167 Cal.App.4th 333, 348 (2008) (three-year limitations period for actions based on mistake applied to a restitution

1  claim alleging defendant mistakenly received the underlying property); First Nationwide

2  Savings v. Perry, 11 Cal.App.4th 1657, 1670 (1992) (three-year limitations period for actions

3  based on fraud applied to a restitution claim alleging defendant fraudulently obtained the

4  underlying property.)

5       Plaintiffs' claim for unjust enrichment fails because there is no present factual basis

6  for restitution.  Whatever Defendants realize from the allegedly planned foreclosure sale is,

7  as, yet, conjectural.  Further, Plaintiffs have not established that any portion of the interest-

8  added-as-principal was assessed unlawfully and have yet to show that any Defendants

9  received any fees or payment to which they were not entitled.  Plaintiffs' claim for unjust

10  enrichment will dismissed without prejudice.

11       ***S. Plaintiffs' Nineteenth Claim for Relief for Unconscionability***

12       Factually Plaintiffs' nineteenth claim for relief alleges:

13  Here, based on the deception, unfair bargaining position, lack of adherence to
    the regulations, civil codes and federal standards that the Defendants were
14  required to follow; coupled with the windfall that the Defendants reaped
    financially from their predatory practices upon Plaintiff's [sic], the court may
15  find that the loan agreement and trust deed are unconscionable and of no force
    or effect.
16
17  Doc. # 1-3 at ¶ 153.

18       California has codified the common law defense of unconscionability at Cal. Civ.

19  Code § 16750.5.  "Civil Code section 1670.5 does not create an affirmative cause of action

20  but merely codifies the defense of unconscionability."  Dean Witter Reynolds, Inc. v.

21  Superior Court, 211 Cal.App.3d 758, 766 (1989).

22       Unconscionability has "procedural" and "substantive" elements.
    [Citation.] the procedural focuses on: (1) "oppression," which "arises from an
23  inequality of bargaining power which results in no real negotiation and an
    absence of meaningful choice'"; (2) "surprise" which "involves the extent to
24  which the supposedly agreed-upon terms of the bargain were hidden in a
    prolix printed form drafted by the party seeking to enforce the disputed
25  terms." [Citation.] The substantive element turns on "allocation of risks
    between the parties, and therefore that a contractual term is substantively
26  suspect if it reallocates the risks of the bargain in an objectively unreasonable
    or unexpected manner" to constitute a "one-sided" result without
27  "justification" for it. [Citation.]

28  Altman v. PNC Mortgage, — F.Supp.2d —, 2012 WL 174966 (E.D. Cal. 2012) at *18.

The facts alleged by Plaintiffs, while they might suggest some level of surprise presuming the accuracy of Plaintiffs' allegations of non-disclosure, do not suggest a lack of bargaining power or lack of choice.  Nothing suggests Plaintiffs were not able to seek a loan through another broker or to decline to undertake the loan under the terms required. Similarly, Plaintiffs have not alleged any factual basis for a finding there was an unexpected or one-sided allocation of risk.  Plaintiffs undertook the risk normally associated with the funding of a mortgage by executing the promissory note as security against default.  There is nothing in the statute or case the authority that indicates a cause of action will lie where there the risks or benefits are merely unbalanced somewhat.  While Plaintiffs may well feel the terms of the loan were unfavorable to them, they have failed to show the terms were so far out of balance as to be unconscionable.  In addition Plaintiffs may not base their claims of unconscionability on allegations of non-disclosure where the limitations period on such claims has long since run on both state and federal claims for relief.

For the reasons discussed, Plaintiffs' nineteenth claim for relief for unconscionability will be dismissed without prejudice.

### S. Plaintiffs' Twentieth Claim for Relief for Predatory Lending

As pled, Plaintiffs' twentieth claim for relief duplicates Plaintiffs' sixteenth claim for relief as both claims are based on violation of section 17200 of the California Business and Professions Code.  As previously discussed in subsection V(*P*), above, Plaintiffs' claims under California's unfair business practices act are either time-barred or inadequately pled. The court notes that California has a statutory basis for unfair or predatory lending practices set forth at Cal. Fin. Code §§ 4970 - 4979.8.  To the extent Plaintiffs intended or may intend to state their predatory lending claim in terms of subsections 4970 - 4979.8, the court notes the following: first, it does not appear from Plaintiffs' acknowledged facts that their loan qualifies for protection under the predatory lending statutes because it exceed the allowed loan limit existing at the time of loan origination.  In 2006, the loan limit for loans covered by subsections 4970 - 4979.8 was $417,000.  The initial amount of Plaintiffs' loan was $581,764.  Second, the statute of limitations for an claim under California's predatory

lending statutes is one year from the origination of the loan.  It appears that any claim based on excessive points or fees or interest exceeding the allowable limit is now time-barred.

Plaintiffs' twentieth claim for relief for predatory lending will be dismissed without prejudice.

### T.  Plaintiffs' Twenty-First Claim for Relief to Quiet Title

A quiet title action is essentially an action for declaratory relief wherein the plaintiff seeks the court's determination of "all conflicting claims to the property in controversy and to decree to each [claimant] such interest or estate therein as he may be entitled to."  Newman v. Cornelius, 3 Cal.App.3d 279, 284 (1970).  As previously discussed, California law requires that the plaintiff in a quiet title action allege tender, or at least the present ability to tender, the loan amount in order to state a claim to quiet title.  As noted, Plaintiffs' claim to quiet title fails on that ground.  In addition, California's quiet title statute, Cal. Code Civ. Proc. § 761.020, requires certain pleading formalities, including a verified complaint that includes a legal description of the property, the plaintiff's claim of title and all competing claims of title, that are not satisfied by Plaintiffs' twenty-first claim for relief.  Finally, to the extent Plaintiffs' claim to quiet title is predicated on the contention that Defendants' claim to legal title is defeated by one or more of Defendants' bad acts, Plaintiffs have not succeeded in stating facts sufficient to support relief under any of the substantive theories pled in the complaint.

Plaintiffs' twenty-first claim for relief to quiet title will be dismissed without prejudice.

### U.  Plaintiffs' Twenty-Second Claim for Relief for Failure to Modify Loan

Plaintiffs contend that California Civil Code sections 2923.5 and 2923.6 impose on Defendants an obligation to attempt modification of Plaintiffs' loan to achieve a loan structure more suitable to Plaintiffs' financial capability; an obligation Defendants failed to fulfill.  Several courts have considered Cal. Civ. Code § 2923.6 in the context of mortgagors' claims for failure to modify and have consistently found there is no private right of action under that subsection.  See, e.g., Jara v. Aurora Loan Services, 2011 WL 6217308 (N.D. Cal.

32

2011) at *8 n.2 (listing federal and state court decisions finding no private right of action); Marbry v. Superior Court, 185 Cal.App.4th 208 (2010) (holding section 2923.6 "merely expresses the *hope* that lenders will offer loan modifications on certain terms.")

California Civil Code § 2923.5, on the other hand, *does* impose definite duties on lenders, but those duties pertain to notice requirements in the event of loan default. While subsection 2923.5 contemplates that a proposal for loan modification *may* be a part of the communication available to the borrower, see §§ 2923.5(a)(2) and (f), there is no mandate that the lender extend an offer of loan modification to the borrower or that the lender acquiesce to a request by the borrower for loan modification. See Vega v. JPMorgan Chase Bank, 654 F.Supp.2d 1104, 1113 (E.D. Cal. 2009) (section 2923.5 imposes no mandate for loan modification, only contacts or attempted contacts with borrower to "'assess the borrower's financial situation and explore options'" borrower to avoid foreclosure).

The court finds Plaintiffs' twenty-second claim for relief for failure to modify the loan fails to state any legal basis upon which relief can be granted. Plaintiffs' twenty-second claim for relief will therefore be dismissed with prejudice.

### V. Plaintiffs' Twenty-Third Claim for Relief for Wrongful Foreclosure

The gist of Plaintiffs' twenty-third claim for relief is that "on or about July 31, 2008, Plaintiffs received a Notice of Default executed by Defendant California Reconveyance Company. The Notice of Default did not have the requisite declaration attached to it pursuant to California Civil Code Section 2923(b) or [. . .] Section 2923.5(c). The violation of [. . .] Section 2923.5 has rendered Defendants' foreclosure proceedings of the property illegal, wrongful and void." Doc. # 1-3 at § 172. From this alleged violation, Plaintiffs contend that the foreclosure and foreclosure sale would be null and void entitling them to have the court set aside and vacate the "Foreclosure, Foreclosure Sale[6] and Foreclosure Trustee's Deed and any attempts to evict Plaintiff." Doc. # 1-3 at ¶ 176. The declaration that

---

[6]    Plaintiffs' complaint does not make it clear whether there has been a foreclosure sale as of the time the complaint was filed.

33

is required by subsection 2923.5(b) must accompany the notice of default and state that "the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by [subsection (a)(2)], or that no contact was required pursuant to subdivision(h)." Id.

Defendants allege a Notice of Default that did not comply with the declaration requirement of section 2923.5 was filed prior to September 6, 2008, when the statute became operative.  Defendants further allege the first notice of default was rescinded and a Notice of Default containing a declaration in conformity with section 2923.5 was later filed.  While Plaintiffs acknowledge that the initial Notice was rescinded and a later notice was filed, Plaintiffs less-than-clear pleading style results in some doubt as to whether Plaintiffs dispute Defendants included the required declaration in the later Notice of Default.  The court will simply assume for purposes of this discussion that Plaintiffs have alleged that any notice of default they received was deficient in that it lacked the required declaration that Plaintiffs were contacted or that a diligent effort was undertaken to contact Plaintiffs.

With that assumption in place, the court finds that Plaintiffs' twenty-third claim for relief fails for two reasons.  First, Plaintiffs have not alleged facts from which it can be shown that they were/are prejudiced by Defendants wrongful acts.  "A cause of action to set aside a foreclosure action for failure to follow the correct procedure arises in equity."  Quinteros v. Aurora Loan Svcs., 740 F.Supp.2d 1163, 1168 (E.D. Cal. 2010) (citing Knapp v. Doherty, 123 Cal.App.4th 76, 78 (6th Dist. 2004)).  While a failure to follow the procedure set forth under Cal.Civ. Code § 2924 et seq. can be the basis for a claim for relief, a showing of "some form of prejudice is necessary."  Id. at 1168 - 1169.  "When attacking a non-judicial foreclosure sale, a borrower must overcome a presumption of propriety.  She may do this by proving an improper procedure occurred and by demonstrating resulting prejudice."  Davenport v. Litton Loan Servicing, 725 F.Supp.2d 862, 877 (N.D. Cal. 2010).

In this case Plaintiffs have alleged that the notice of default did not contain the required declaration stating Defendants had contacted or diligently attempted to contact Plaintiffs.  What Plaintiffs did *not* allege is that Defendants did not, in fact make contact with

34

plaintiffs or discuss the required topics with Plaintiffs.  Further, Plaintiffs have not alleged that, but for Defendants' failure, the foreclosure process would likely have been more favorable for Plaintiffs.  Closely related to the requirement to show prejudice is the requirement that Plaintiffs must allege tender of the amount owed or at least must allege facts indicating the present ability to tender this amount.  As previously discussed, Plaintiffs have failed to allege tender or the present ability to tender.

For these two reasons, Plaintiffs' twenty-third claim for relief will be dismissed without prejudice.

### *W.  Plaintiffs' Twenty-Fourth Claim for Relief – Injunctive Relief*

Plaintiffs' twenty-fourth claim for injunctive relief duplicates their second claim for relief.  As noted above, Plaintiffs' twenty-fourth claim for relief will dismissed with prejudice.

### VI.  Failure to Join Necessary Party

Defendant JPMorgan alleges that the original lending bank, Washington Mutual ("WaMu"), was closed by the Office of Thrift Supervision on September 25, 2008.  On the same date JPMorgan entered into a "Purchase and Assumption Agreement" ("P&A Agreement") with the receiver of WaMu, Federal Deposit Insurance Corporation ("FDIC"), whereby JPMorgan assumed WaMu's loans but did not accept liability for borrower claims related to loans funded by WaMu prior to September 25, 2008.  Plaintiffs' subject loan was funded by WaMu nearly two years prior to the date of the P&A Agreement.  JPMorgan correctly notes that this court has recognized that JPMorgan did not assume liability for claims relating to loans or lending activity conducted by WaMu prior to September 25, 2008, although this court has held JP Morgan may be liable for claims arising from its own conduct as loan servicer following the P&A Agreement.  See, e.g., Argueta v. J.P. Morgan Chase, 787 F.Supp.2d 1099, 1104 n.3 (E.D. Cal. 2011) (listing other decisions recognizing P&A Agreement).

To the extent Plaintiffs may elect to amend their complaint to restate claims relating to the origination of the loan, Plaintiffs are counseled that the failure to name FDIC as the

proper party defendant for claims arising from the acts or omissions of WaMu will result in the dismissal of such claims.  The court reiterates that Plaintiffs cannot simply assert that there was a common venture or civil conspiracy and that all Defendants are liable for the acts of all other Defendants.  Plaintiffs will be required to allege specific wrongful acts by specific parties.

## VII.  Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).  Although the court has considerable doubt as to whether Plaintiffs will be able allege facts sufficient to justify the tolling of applicable statutes of limitations and will be able to allege facts adequate to support their substantive claims for relief, the court cannot conclude that amendment would be futile as a matter of law, except for those claims that are duplicative, conclusively deficient as a matter of law or are conclusively time-barred.  Should Plaintiffs choose to amend, the court reiterates its prior admonitions: (1) Plaintiffs must allege the commission of specific acts by specific Defendants; (2) any claims alleging fraud or fraud-like claims must be pled with particularity; (3) the court will not toll the applicable statutes of limitations because of the nature of Plaintiffs' claims; Plaintiffs must state facts to show an acceptable reason for the failure to file with the limitations period; (4) Plaintiffs must plead tender or the present ability to tender the amount of the loan in order to state any claim for rescission, or any claim that seeks to void any past or pending foreclosure sale.

## CONCLUSION AND ORDER

THEREFORE, in accordance with the foregoing analysis it is hereby ORDERED that the following claims for relief set forth in Plaintiffs' complaint are DISMISSED as to ALL DEFENDANTS without leave to amend:

Claim One for Declaratory Relief

Claim Three to Declare Extent and Validity of Lein

Claim Four for Breach of Implied Covenant of Good Faith

Claim Five for *RESCISSION* for Violation of 15 U.S.C. § 1601 (TILA)

Claim Eight for Violation of Cal. Civ. Code § 1920

Claim Twelve for Violation of Cal. Civ. Code § 1632

Claim Thirteen for Violation of Cal. Civ. Code § 1916.7(b)(8)

Claim Twenty-Two for Failure to Modify Loan

Claim Twenty-Four for Injunctive Relief

In accordance with the foregoing analysis, it is hereby ORDERED that the following claims for relief as set forth in Plaintiffs' complaint are DISMISSED as to ALL Defendants. Leave to amend is hereby GRANTED as to the following claims only:

Claim Two for Injunctive Relief

Claim Five for *DAMAGES* for Violation of 15 U.S.C. § 1601 (TILA)

Claim Six for Violation of 12 U.S.C. § 2607(a) (RESPA)

Claim Seven for Violation of Cal. Civ. Code § 1916.7

Claim Nine for Violation of Cal. Civ. Code § 1916.4(b)(4)(B)

Claim Ten for Violation of Cal.Civ. Code § 1916.7(c)

Claim Eleven for Violation of Cal.Civ. Code § 2079.16

Claim Fourteen for Rescission

Claim Fifteen for Fraud

Claim Sixteen for Violation of Cal. Bus. & Prof. Code § 17200

Claim Seventeen for Breach of Fiduciary Duty

Claim Eighteen for Unjust Enrichment

Claim Nineteen for Unconscionability

Claim Twenty for Predatory Lending

Claim Twenty-One to Quiet Title

Claim Twenty-Three for Wrongful Foreclosure

It is further hereby ORDERED that any amended complaint shall be filed and served

37

not later than twenty-one (21) days from the date of service of this order.  If no amended complaint is filed and served within the twenty-one day period, Defendants shall move for entry of judgment.

IT IS SO ORDERED.

Dated:    August 28, 2012

_____

CHIEF UNITED STATES DISTRICT JUDGE