IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULITA RUPISAN; ERNESTO RUPISAN,<br><br>                    Plaintiffs,<br>   v.<br><br>JP MORGAN CHASE BANK, NA; CALIFORNIA RECONVEYANCE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; SHEA MORTGAGE; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | 1:12-cv-0327 AWI GSA<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE OF PLAINTIFFS' FOR LACK OF PROSECUTION** |

**BACKGROUND**

In this action, Plaintiffs Julita Rupisan and Ernesto Rupisan ("Plaintiffs") filed a complaint for declaratory and injunctive relief, along with a request for statutory damages against Defendants JP Morgan Chase Bank, California Reconveyance Company, Deutsche Bank National Trust Company and Shea Mortgage ("Defendants"). Defendants filed motions to dismiss the complaint.

On August 29, 2012, the court carefully reviewed the twenty-four causes of action found in the complaint. While the court dismissed all causes of action, Plaintiffs were given leave to amend the following claims:

>    Claim Two for Injunctive Relief
>    Claim Five for DAMAGES for Violation of 15 U.S.C. § 1601 (TILA)
>    Claim Six for Violation of 12 U.S.C. § 2607(a) (RESPA)
>    Claim Seven for Violation of Cal. Civ. Code § 1916.7
>    Claim Nine for Violation of Cal. Civ. Code § 1916.4(b)(4)(B)
>    Claim Ten for Violation of Cal.Civ. Code § 1916.7(c)
>    Claim Eleven for Violation of Cal.Civ. Code § 2079.16
>    Claim Fourteen for Rescission
>    Claim Fifteen for Fraud
>    Claim Sixteen for Violation of Cal. Bus. & Prof. Code § 17200
>    Claim Seventeen for Breach of Fiduciary Duty
>    Claim Eighteen for Unjust Enrichment
>    Claim Nineteen for Unconscionability
>    Claim Twenty for Predatory Lending
>    Claim Twenty-One to Quiet Title
>    Claim Twenty-Three for Wrongful Foreclosure

(Document 15). The court further ordered that any "amended complaint shall be filed and served not later than twenty-one (21) days from the date of service of this order." (Document 15). The court concluded by finding that "If no amended complaint is filed and served within the twenty-one day period, Defendants shall move for entry of judgment." (Document 15).

Twenty-one days passed since the court's August 29, 2012 order, and Plaintiffs have failed to file an amended complaint or otherwise contact the court. On September 26, 2012, as directed by the court, Defendants filed a motion for judgment of dismissal with prejudice.

**LEGAL STANDARD**

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "These factors are 'not a series of conditions precedent

before the judge can do anything,' but a 'way for a district judge to think about what to do.'" <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006); (quoting <u>Valley Eng'rs Inc. v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

## DISCUSSION

The court finds that dismissal of Plaintiffs' action for failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." <u>Pagtalunan</u>, 291 F.3d at 642; <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999). This action has been pending since March 2, 2012 and Plaintiff has failed to file an amended complaint as ordered by the court. Other than the court's order dismissing the complaint and granting Plaintiffs leave to amend certain claims, no discovery has taken place and no other dispositive motions have been reviewed. The court cannot manage its docket if it maintains cases in which parties fail to litigate their cases. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. The court cannot continue to expend its scare resources assisting litigants who fail to file amended complaints and/or inform the court regarding the status of their case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." <u>Pagtalunan</u>, 291 F.3d at 642; <u>Yourish</u> 191 F.3d at 991. However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. <u>Pagtalunan</u>, 291 F.3d at 642. In addition, Defendants have indicated a desire to have this action dismissed. As such, any risk of prejudice to Defendant also weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the

court from further unnecessary expenditure of its scare resources.   Factors that indicate whether a district court has considered alternatives include: (1) Discussing of the feasibility of less drastic sanctions; (2) Implementing alternative methods of sanctioning before ordering dismissal; and (3) Warning to the plaintiff of the possibility of dismissal before actually ordering dismissal.  In re PPA, 460 F.3d at 1228-29.   In this action, Plaintiffs were warned that judgment could be entered if they failed to file an amended complaint.   The availability of less drastic sanctions has been considered, but given Plaintiffs failed to file an amended complaint and have not contacted the court, the court has no effective sanction but to close the case.

Finally, because public policy favors disposition on the merits, this factor normally weighs against dismissal.   Pagtalunan, 291 F.3d at 643.   "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits.   Thus, [the Ninth Circuit has] also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  In re PPA,  460 F.3d at 1228.   Th court finds this factor has little weight in an action such as this one where the Plaintiffs have been unable or unwilling to proceed.

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED with prejudice based on Plaintiffs' failure to prosecute;
2. All pending motions are DENIED as moot;
3. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   October 5, 2012

CHIEF UNITED STATES DISTRICT JUDGE